IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**STERLING LACY HOUSE,**

    Petitioner,

v.                                                Civil Action No. **3:16CV238**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Sterling Lacy House, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the County of Brunswick, Virginia ("Circuit Court"). Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. (ECF No. 9.) House has filed a Response. (ECF No. 13.) House has also filed a "Motion for Rule 7. of § 2254 Cases Expan[s]ion of Record" ("Motion to Expand the Record," ECF No. 14). Respondent has filed a Response (ECF No. 20) to the Motion to Expand the Record, and House has filed a Reply (ECF No. 21). For the reasons set forth below, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED, and House's Motion to Expand the Record (ECF No. 14) will be DENIED.

## I. PERTINENT PROCEDURAL HISTORY

Following a bench trial held on March 25, 2010, House was convicted of statutory burglary and attempted robbery. (ECF No. 11-1, at 3.) On June 24, 2010, the Circuit Court entered final judgment and sentenced House to an active sentence of twelve years. (*Id.* at 2.) House appealed. On September 20, 2011, the Supreme Court of Virginia refused House's

petition for appeal. (ECF No. 11–3, at 1.) On November 14, 2011, the Supreme Court of Virginia denied House's petition for rehearing. (*Id.* at 2.)

On November 14, 2013, House filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (*See* ECF No. 11–5, at 1.) On March 24, 2014, the Supreme Court of Virginia dismissed House's petition, concluding that it was not timely filed under section 8.01–654(A)(2) of the Virginia Code. (*Id.*)

On May 28, 2014,[1] House filed a Motion to Vacate and to Declare Void Ab Initio Judgment of Conviction and Sentence in the Circuit Court. (ECF No. 1–1, at 1.) On February 23, 2016, the Circuit Court denied House's Motion for lack of jurisdiction. (ECF No. 11–4, at 1.)

On or about April 17, 2016, House filed his § 2254 Petition in this Court.[2] (§ 2254 Pet. 15.)[3] In his § 2254 Petition, House raises two claims for relief:

> Claim One: "The Petitioner is being denied his U.S. Const. right to due process upon his Mot. to Vacate & habeas corpus petition." (*Id.* at 6.)

As a second claim for relief, House states: "Petitioner advances all claims raised in the attached Motion to Vacate, and habeas corpus petition, where he has been denied due process in state courts." (*Id.* at 8.)[4] House does not even make an effort to list those claims in his § 2254

---

[1] House signed the Motion to Vacate and to Declare Void Ab Initio Judgment of Conviction on May 28, 2014. (ECF No. 1–1, at 13.) Because the copy that House has attached to his § 2254 Petition is not file-stamped, the Court deems May 28, 2014 to be the filed date.

[2] This is the date that House states he placed his § 2254 Petition in the prison mailing system for mailing to this Court. The Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court corrects the punctuation, spelling, spacing, and capitalization in quotations from House's submissions.

[4] The habeas corpus petition to which House refers is one he filed on November 13, 2015, in the Circuit Court for the County of Southampton, Virginia, although House was convicted in

2

Petition; instead, he has attached copies of his state court filings in no order. Generally, "[a] petitioner 'may not simply incorporate by reference' claims and facts set forth in the state proceedings, but which are not recited in the federal petition for a writ of habeas corpus." *Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 836826, at *1 n.2 (E.D. Va. Mar. 4, 2011) (quoting *Cox v. Angelone*, 997 F. Supp. 740, 746 (E.D. Va. 1998)). "Incorporation by reference does not conform to the rules governing pleading for habeas proceedings." *Id.* (citing *Davidson v. Johnson*, No. 3:08cv406, 2008 WL 4159737, at *2 (E.D. Va. Sept. 9, 2008)). Nevertheless, the Court has sifted through House's state court attachments to find the following claims:

Claim Two: House's Sixth Amendment[5] rights were violated when he was denied the opportunity to confront witnesses against him. (ECF No. 1-1, at 2.)

Claim Three: House's Fifth Amendment right to due process[6] was violated when the prosecution withheld exculpatory evidence. (*Id.* at 3.)

---

Brunswick County. *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select "Southampton Circuit Court" from the drop-down menu and follow "Begin" button; select "Civil;" type "House, Sterlin" [sic], and then follow "Search by Name" button; then follow hyperlink for "CL15000562-00"). "The Circuit Court's docket is accessible through the Virginia Judicial System Website. Federal Courts in the Eastern District of Virginia regularly take judicial notice of the information contained on this website." *McClain v. Clarke*, No. 3:13CV324, 2013 WL 6713177, at *1 n.6 (E.D. Va. Dec. 18, 2013) (citations omitted). In this petition, House contends that the Circuit Court for the County of Brunswick violated his right to due process with respect to his Motion to Vacate and to Declare Void Ab Initio Judgment of Conviction and Sentence. (ECF No. 1-3, at 1–9.) The habeas corpus petition is still pending.

[5] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI.

[6] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

    Claim Four:    Trial counsel rendered ineffective assistance[7] by:

        (a) failing to locate, interview, and call as witnesses Brandon House, Derrick House, and Kevin Taylor, House's co-defendants (*id.* at 5);

        (b) failing to determine whether the victim, Robert Williams, actually owned, leased, or rented property in Brunswick County (*id.*);

        (c) failing to comply with the requirements of section 19.2–168 of the Virginia Code[8] before raising issues regarding House's mental state prior to trial (*id.*);

        (d) allowing House to take the stand in violation of section 19.2–169.1 of the Virginia Code[9] and without informing House that he had a right not to testify under the Fifth Amendment[10] (*id.* at 6);

        (e) failing to challenge the voluntariness of House's confession in either a motion to strike or a motion to suppress (*id.* at 5–6); and,

        (f) failing to raise the claims raised by House in his state habeas petition at trial and on appeal. (*Id.* at 7.)

---

[7] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[8] That section provides:

> In any case in which a person charged with a crime intends (i) to put in issue his sanity at the time of the crime charged and (ii) to present testimony of an expert to support his claim on this issue at his trial, he, or his counsel, shall give notice in writing to the attorney for the Commonwealth, at least 60 days prior to his trial, of his intention to present such evidence. However, if the period between indictment and trial is less than 120 days, the person or his counsel shall give such notice no later than 60 days following indictment. In the event that such notice is not given, and the person proffers such evidence at his trial as a defense, then the court may in its discretion, either allow the Commonwealth a continuance or, under appropriate circumstances, bar the defendant from presenting such evidence. The period of any such continuance shall not be counted for speedy trial purposes under § 19.2–243.

Va. Code Ann. §19.2–168.

[9] This section sets forth procedures for evaluating whether a defendant is competent to stand trial. *See generally* Va. Code Ann. § 19.2–169.1.

[10] "No person shall . . . be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

Claim Five: The Circuit Court violated section 19.2–169.1(A) of the Virginia Code[11] by allowing House to take the stand without first receiving a psychiatric evaluation. (*Id.* at 8.)

Claim Six: House is actually innocent. (*Id.* at 10.)

As a preliminary matter, Claim One does not provide any basis for federal habeas relief. "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citing cases). This is so because House is detained as a result of the underlying state convictions, not the state collateral proceedings. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Accordingly, Claim One will be DISMISSED.

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars House's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas

---

[11] That section provides:

> Raising competency issue; appointment of evaluators.—If, at any time after the attorney for the defendant has been retained or appointed and before the end of trial, the court finds, upon hearing evidence or representations of counsel for the defendant or the attorney for the Commonwealth, that there is probable cause to believe that the defendant, whether a juvenile transferred pursuant to § 16.1–269.1 or adult, lacks substantial capacity to understand the proceedings against him or to assist his attorney in his own defense, the court shall order that a competency evaluation be performed by at least one psychiatrist or clinical psychologist who (i) has performed forensic evaluations; (ii) has successfully completed forensic evaluation training recognized by the Commissioner of Behavioral Health and Developmental Services; (iii) has demonstrated to the Commissioner competence to perform forensic evaluations; and (iv) is included on a list of approved evaluators maintained by the Commissioner.

Va. Code Ann. § 19.2–169.1(A).

corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

House's convictions became final on Monday, February 13, 2012, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by the state court of last resort or of the order denying discretionary review). The limitation period began to run on Tuesday, February 14, 2012 and expired on Thursday, February 14, 2013. House failed to file his state habeas petition until

November 14, 2013, nine months after the expiration of the limitation period. Likewise, House failed to file his Motion to Vacate and to Declare Void Ab Initio Judgment of Conviction and Sentence until May 28, 2014, approximately one year and three months after the expiration of the limitation period. Thus, House lacks entitlement to any statutory tolling. *Deville v. Johnson*, No. 1:09CV72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).

House failed to file his § 2254 Petition until April 17, 2016, three years and two months after the limitation period expired. House does not suggest any plausible basis for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D). Instead, House argues that he is entitled to equitable tolling and that his actual innocence excuses his failure to file his § 2254 Petition in a timely manner.

### C. Equitable Tolling

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Here, House asserts that he is entitled to equitable tolling, stating:

> The petitioner has moved with a reasonable amount of diligence, according to his circumstance in filing his § 2254 petition. He simply could not attempt to do this himself. He need[ed] someone to file on his behalf while confined in the Virginia Department of Corrections. . . .
> The petitioner is borderline mental[ly] retard[ed], IQ of 54, and the mental health evaluations and records which opined the petitioner was unable to process

7

> the information and formulate it into a plan, and also, the petitioner was 58 years old at the time of his prosecution, 2010, and is 64 years old in the filing of this § 2254 habeas corpus. The petitioner is not the person submitting the § 2254 petition, he did not file the state habeas corpuses nor the attached motion to vacate, and has no comprehension of the rules of the court, and cannot understand what is being written in his behalf.

(Pet'r's Resp. 3, ECF No. 13.)[12] Contrary to House's allegations, his presentence report reflects that House attended school until eleventh grade, and that he can read and write on a limited basis. Presentence Investigation Report at 6–1, *Commonwealth v. House*, No. CR09000116–00 through 02 (Va. Cir. Ct. May 14, 2010).

With respect to House's claim that he has trouble comprehending the law, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003)). Moreover, "federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *Id.* at 513 (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)). House has failed to allege any facts indicating how his "borderline mental retardation" and low IQ rise to the level of "profound mental incapacity." Moreover, House fails to allege any facts indicating how his "borderline mental retardation" and low IQ prevented him from timely filing his § 2254 petition. *See Allen v. Bell*, 250 F. App'x 713, 716 (6th Cir. 2007) (concluding that inmate with low IQ was not entitled to equitable tolling because he failed to "ma[ke] any factual showing of mental incapacity"); *Evans v. Johnson*, No. 2:09CV433, 2010 WL 545393, at *4 (E.D. Va. Feb. 11, 2010) (concluding that inmate with low IQ and mental illness failed to demonstrate entitlement to equitable tolling because inmate "ha[d] failed to even identify his mental deficit, let alone state

---

[12] Normally, the Court would reject any habeas petition not actually filed by the petitioner. Here, House has signed and sworn to the truth of the contents of each filing that he cites. Unless he has perjured himself, House is bound by the contents of those filings.

how his disability prevented him from timely filing his petition"). Likewise, House fails to explain why his age prevented him from timely filing. *See Henderson v. Berghuis*, No. 2:09–CV–13143, 2010 WL 1576853, at *3 (E.D. Mich. Mar. 16, 2010) (citations omitted), *R. & R. adopted by* 2010 WL 1576855 (E.D. Mich. Apr. 20, 2010) (finding no entitlement to equitable tolling for "elderly prisoner who is uneducated in the law and comprehends at the fourth grade level"). "Simply put, [House] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Therefore, House lacks entitlement to equitable tolling to render his § 2254 Petition timely filed.

### D. Actual Innocence

The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted). Here, the Court reviews House's arguments under the more lenient standard for gateway actual innocence claims, because subscribing to House's actual innocence claim would permit the Court to consider the merits of his otherwise time-barred habeas petition.

A gateway claim requires a petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such

evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial,'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)). Moreover, actual innocence means factual innocence and not just legal insufficiency. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

In his Response, House contends that "[t]he evidence at his trial did not show that [he] committed statutory burglary or attempt to commit robbery." (Resp. 4, ECF No. 13.) House states that the victim, Robert Williams, testified that "he had not seen [House] at all that day. And that [House] was not one of the men in his residence." (*Id.*) House also cites to Williams's testimony that "nothing was demanded from him and nothing was taken from him." (*Id.*) House raised this same argument on appeal to the Court of Appeals of Virginia. (*See* ECF No. 11–2, at 1–4.) As discussed below, House offers no new, reliable evidence to support his actual innocence claim.

In support of his actual innocence claim, House has provided a letter purportedly written by his nephew and co-defendant, Derrick House. (ECF No. 1–1, at 16.) The letter was initially submitted to the Circuit Court as an attachment to his Motion to Vacate and to Declare Void Ab Initio Judgment of Conviction and Sentence. The letter states:

> Glad to hear from you cuz. Didn't expect you to write back so soon. Got a letter from Brandon the same day I got yours. He told me that you wrote him and explain to him what was going on. We don't mind helping Uncle Sterling at all. The only thing is that the statements that you sent me wasn't the same. They are not the same as the statements that we wrote when the crime took place. What I'm wondering is that gonna come back to haunt us in the long run. Believe me I don't mind helping him in any way I can. But by us signing those papers, and the statements are not the same as the other ones. Is that gonna hurt us. If not then I don't mind signing those papers. I don't wanna see him in here at all. I wish it was a way that we could go back to court and testify on his behalf. We had it all planned out for him, but he didn't go to trial.[13] Is he going back to court on an appeal? I'm gonna do what I can to help him go home real soon. Hate to leave. Love, Derrick.

(*Id.*)

As an initial matter, this letter is undated and unsworn. Moreover, the letter lacks any indicia of reliability. House apparently believes that the letter constitutes evidence of his actual innocence because of the indication that Derrick House wants to sign his name to certain statements to "help [House] in any way [he] can." (*Id.*) However, the author of the letter acknowledges that the statements that he was sent to sign "are not the same as the statements that we wrote when the crime took place." (*Id.*) The author is concerned that swearing to these new statements, which presumably are intended to exonerate House, would "come back to haunt [them] in the long run." (*Id.*) Given the apparent contradiction between the two versions of events, any new evidence from Derrick House intended to lend credence to House's claim of innocence would lack the ring of truth. Moreover, the sheer fact that House's nephew is currently incarcerated for the same felony convictions casts doubt on the reliability of his

---

[13] As noted *supra* in Part I, House was convicted following a bench trial in the Circuit Court.

11

purported evidence. Finally, the letter does not even state what this new evidence would be or how it would support House's assertion of innocence.

House has simply failed to direct the Court to any new, reliable evidence of his innocence. *See Calderon*, 523 U.S. at 559 (emphasizing that new, reliable evidence of innocence is a "rarity"). Thus, the Court need not proceed to the second part of the inquiry. Accordingly, House fails to establish that his alleged actual innocence permits the Court to reach the merits of his time-barred § 2254 Petition.

Moreover, ample evidence exists of House's guilt of the statutory burglary and attempted robbery convictions. As the Court of Appeals of Virginia aptly found:

> Appellant also argues the evidence is insufficient to prove that he is criminally liable for attempted robbery as a principal in the second degree because he was not present during the commission of the crime or otherwise aided the assailants. Appellant contends his confession that he instigated the attempted robbery is uncorroborated and only establishes a suspicion of guilt.
> "A principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance." *Brown v. Commonwealth*, 130 Va. 733, 736, 107 S.E. 809, 810 (1921). As for what constitutes "aiding and abetting," it is clear that mere presence and consent will not suffice. *E.g., Underwood v. Commonwealth*, 218 Va. 1045, 1048, 243 S.E.2d 231, 233 (1978). The defendant's conduct must consist of "inciting, encouraging, advising or assisting in the murder." *Frye v. Commonwealth*, 231 Va. 370, 389, 345 S.E.2d 267, 280 (1986). It must be shown that the defendant procured, encouraged, countenanced, or approved commission of the crime. *Augustine v. Commonwealth*, 226 Va. 120, 124, 306 S.E.2d 886, 888-89 (1983). "To constitute one as an aider and abettor, he must be guilty of some overt act, or he must share the criminal intent of the principal." *Triplett v. Commonwealth*, 141 Va. 577, 586, 127 S.E. 486, 489 (1925); *see also Moehring v. Commonwealth*, 223 Va. 564, 567, 290 S.E.2d 891, 892 (1982).
>
> *Rollston v. Commonwealth*, 11 Va. App. 535, 539, 399 S.E.2d 823, 825 (1991).
> . . . .
> While investigating the attempted robbery of Robert Williams, Investigator Jeff Clary interviewed appellant at the sheriff's department. After waiving his *Miranda* rights, appellant confessed to planning the robbery with

> Brandon House, Derrick House, and Kevin Taylor. Appellant stated that he conceived the plan and drove the three individuals to Williams' residence to perpetrate the crime. Appellant further instructed Brandon House to retrieve duct tape from appellant's vehicle to aid in securing Williams. In its role as fact finder, the trial court credited this confession as true and disbelieved appellant's testimony that he lied to the police to protect his nephews, Brandon and Derrick House. *See Marable v. Commonwealth*, 27 Va. App. 505, 509–10, 500 S.E.2d 233, 235 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."). Thus, appellant's confession clearly establishes that he "procured, encouraged, countenanced, or approved commission" of attempted robbery. *Augustine* [*v. Commonwealth*, 226 Va. [120,] 124, 306 S.E.2d [886,] 888–89 [1983].
>
> . . . .
>
> [S]ufficient evidence exists to corroborate appellant's confession. Appellant admitted that he formulated a plan to rob Robert Williams. On February 19, 2009, Williams was the victim of an attempted robbery. In addition, appellant told the police he convinced three individuals, Brandon House, Derrick House, and Kevin Taylor, to help him perpetrate the attempted robbery of Williams. After conducting a full investigation, the police arrested and indicted those individuals for statutory burglary and the attempted robbery of Williams. Further, appellant told Investigator Clary that he instructed Brandon House to retrieve duct tape from appellant's vehicle. At Williams' residence, the police discovered duct tape inside the residence and on the driveway. Williams denied owning duct tape, leading to the inference that the assailants intended to use the duct tape while attempting to rob Williams. Finally, appellant confessed that of the four individuals involved, Brandon House and Kevin Taylor actually "went into the house." Williams confirmed that two individuals entered his residence before he was able to chase them away. This evidence sufficiently corroborates appellant's confession.

(ECF No. 11–2, at 3–4.) Contrary to House's argument, the fact that no one saw him at the location of the crime does not establish his innocence. Rather, the evidence clearly established his guilt of both statutory burglary and attempted robbery as a principal in the second degree. House fails to demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Sharpe*, 593 F.3d at 377 (quoting *Schlup*, 513 U.S. at 327–28). Accordingly, House's purported actual innocence fails to allow the Court to reach the merits of his time-barred § 2254 Petition.

13

### III. OUTSTANDING MOTION

House has filed a Motion to Expand the Record pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. (ECF No. 14.) House requests that the Court permit the record to be expanded to include affidavits and testimony from his co-defendants, Brandon House, Derrick House, and Kevin Taylor. (Mot. to Expand the Record 2.) House claims that affidavits from his co-defendants "will show that [House] is actually innocent of the alleged crimes." (*Id.*)

Rule 7 of the Rules Governing Section 2254 Cases authorizes a federal habeas court to expand the record to include additional material relevant to the petition in some situations. Specifically, Rule 7 provides:

> **(a) In General.** If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
> **(b) Types of Materials.** The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
> **(c) Review by the Opposing Party.** The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Rule 7, Rules Governing Section 2254 Cases in the United States District Courts.

A petitioner seeking to expand the record pursuant to Rule 7 must meet the same conditions set forth in 28 U.S.C. § 2254(e)(2) for obtaining an evidentiary hearing. *See Holland v. Jackson*, 542 U.S. 649, 652–53 (2004); *Ward v. Hall*, 592 F.3d 1144, 1162–63 (11th Cir. 2010) (concluding that habeas petitioner "must comply with § 2254(e)(2) in order to expand the record under Rule 7"); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241–42 (9th Cir. 2005) (noting that a petitioner "must comply with § 2254(e)(2) in order to expand the record under Rule 7"), *overruled on other grounds by Daire v. Lattimore*, 812 F.3d 766 (9th Cir. 2016); *Boyko*

14

*v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001) ("When expansion of the record is used to achieve the same end as an evidentiary hearing, the petitioner ought to be subject to the same constraints that would be imposed if he had sought an evidentiary hearing." (citing *McNair v. Haley*, 97 F. Supp. 2d 1270, 1286 (M.D. Ala. 2000))). Section 2254(e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Therefore, in the context of Rule 7, a petitioner "must show that the evidence he now seeks to add to the federal habeas record was before the state court when it adjudicated his claim or that he made diligent efforts to put such evidence before the state court." *Harden v. Branker*, No. 3:06cv240, 2010 WL 3609462, at *1 (W.D.N.C. Sept. 7, 2010) (citations omitted). Alternatively, the petitioner "must show that the evidence he is seeking to add could not have been discovered previously through due diligence *and* that the evidence clearly and convincingly establishes that but for constitutional error, no reasonable factfinder would have found him guilty." *Id.* (citing *Williams*, 529 U.S. at 430–31).

Here, the evidence that House seeks to add to the record does not exist yet. Thus, it was clearly not included in the state court record, and House offers no explanation that he made diligent efforts to put such evidence before the state courts. *See Harden*, 2010 WL 3609462, at *1 (citation omitted). Indeed, he still has not provided the Court with these affidavits. House's

failure to do so precludes the Court from evaluating whether the proposed evidence meets the requirements of § 2254(e)(2). Instead of requesting to expand the record to include evidence that is already in existence, House appears to seek the Court's approval for him to embark on a fishing expedition for evidence that could support his claim of actual innocence in an attempt to persuade the Court to consider the merits of his otherwise time-barred § 2254 Petition. For these reasons, House's Motion to Expand the Record (ECF No. 14) will be DENIED.

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED. House's claims will be DISMISSED, and his § 2254 Petition will be DENIED. House's Motion to Expand the Record (ECF No. 14) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/ Roderick C. Young
United States Magistrate Judge

Date: March 14, 2017
Richmond, Virginia